UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 10-23257-CIV-JORDAN/O'SULLIVAN

IN THE MATTER OF

The Complaint of
JOLLY ROGER CRUISES & TOURS, S.A., as
bare boat charterer and owner *pro hac vice* of the
Motor Vessel, *GRAZIAFELICE* a/k/a *GRAZIA
FELICE*, its engines, tackle, appurtenances, etc., in
a case for Exoneration from or Limitation of Liability
_____/

ALISON STARKEY,

Plaintiff,

vs.

JOLLY ROGER CRUISES & TOURS, S.A.,

Defendant.
_____/

## ORDER

THIS MATTER came before the Court on the Motion to Compel Better Discovery Responses (DE# 58, 4/12/11) and the Motion to Compel Deposition on Certain Subjects (DE# 59, 4/12/11). Having reviewed the applicable filings and law and having held a hearing on April 20, 2011, it is

ORDERED AND ADJUDGED that the Motion to Compel Better Discovery Responses (DE# 58, 4/12/11) is **GRANTED in part and DENIED in part** as follows:

- Ms. Starkey's request for photographs and videos is **DENIED without prejudice** to renew after the inspection of the vessel. On or before **Friday, April 29, 2011**, Jolly Roger Cruises & Tours, S.A. (hereinafter "Jolly Roger") shall amend its privilege logs to comply with the requirements of Roger Kennedy Construction, Inc. v. Amerisure Ins. Co., No. 6:06-cv-1075-Orl-19KRS, 2007 WL 1362746 (M.D. Fla. May 7, 2007).

- On or before **Friday, April 29, 2011**, Jolly Roger shall amend its responses to the First Request for Production Nos. 12 through 15 to indicate that it does not have any written policies and procedures. If Jolly Roger determines that there are some written policies and procedures, Jolly Roger shall produce those policies and procedures that relate to Ms. Starkey's claims and defenses and Jolly Roger's claims and defenses;
- With respect to other accidents, on or before **Friday, April 29, 2011**, Jolly Roger shall produce documents concerning any accident where someone was hurt while jumping off of any of the vessels owned or operated by Jolly Roger for the five year period preceding the accident in question;
- Jolly Roger's objections to Request for Production No. 28 are OVERRULED. Jolly Roger shall respond to Request for Production No. 28 on or before **Friday, April 29, 2011**;
- With respect to the First Set of Interrogatories Nos. 6 through 8, on or before **Friday, April 29, 2011**, Jolly Roger shall provide responses concerning any accidents that occurred while someone was jumping off of any of the vessels owned or operated by Jolly Roger for the five year period preceding the accident in question;
- On or before **Friday, April 29, 2011**, Jolly Roger shall amend its answer to Interrogatory No. 10 to include all the requested information or to indicate that there is no further information. Jolly Roger shall also indicate whether any photographs were taken at the time the repairs were done.

It is further

ORDERED AND ADJUDGED that the Motion to Compel Deposition on Certain Subjects (DE# 59, 4/12/11) is **GRANTED in part and DENIED in part** as follows:

- Jolly Roger's corporate representative shall respond to areas of inquiry concerning other vessels owned or operated by Jolly Roger but only with respect to people jumping off of

2

the vessels. Jolly Roger's corporate representative shall testify concerning advertising and promotion with respect to the subject vessel only;

- Jolly Roger's corporate representative shall be prepared to respond to the areas of inquiry identified in paragraph 5 of Exhibit A to the Notice of Taking Videotaped Deposition (DE# 59-1, 4/12/11) related to safety and pertaining to the subject vessel;

- Jolly Roger's corporate representative shall be prepared to discuss the areas of inquiry identified in paragraph 23 of Exhibit A to the Notice of Taking Videotaped Deposition (DE# 59-1, 4/12/11). With respect to paragraph 22, Jolly Roger's corporate representative shall be prepared to discuss the policies and procedures regarding jumping off of the vessels owned or operated by Jolly Roger;

- Paragraph 31 of Exhibit A to the Notice of Taking Videotaped Deposition (DE# 59-1, 4/12/11) is limited to the area of the vessel where Ms. Starkey jumped.

DONE AND ORDERED, in Chambers, at Miami, Florida this **20th** day of April, 2011.

_____
JOHN J. O'SULLIVAN
UNITED STATES MAGISTRATE JUDGE

Copies provided to:
United States District Judge Jordan
All counsel of record

3